## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

|  |  |
|---|---|
| **ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD and HEALTHKEEPERS, INC.,**<br><br>   **Plaintiffs,**<br><br>   **v.**<br><br>**AGS HEALTH, INC., THE SCHUMACHER GROUP OF LOUISIANA, INC. D/B/A SCP HEALTH, THE SCHUMACHER GROUP OF VIRGINIA, INC., INGLESIDE EMERGENCY GROUP, LLC, KINGSFORD EMERGENCY GROUP, LLC, LAKE SPRING EMERGENCY GROUP, LLC, WESTERN VIRGINIA REGIONAL EMERGENCY PHYSICIANS, LLC, and WILDWOOD EMERGENCY GROUP, LLC,**<br><br>   **Defendants.** | **Civil Action No. 7:25-cv-00804**<br><br>**District Judge:  Robert S. Ballou**<br>**Magistrate Judge:  Joel C. Hoppe** |

## AGS HEALTH, LLC'S REQUEST FOR JUDICIAL NOTICE

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................1

LEGAL STANDARD..........................................................................................................1

DISCUSSION.......................................................................................................................2

    A.    The Court Should Take Judicial Notice of IDR Guidance
Documents Published by the Federal Agencies Responsible
for Overseeing the Process ........................................................................2

    B.    In the Alternative, the Court Should Consider the Documents
Because They Are Integral to Anthem's Claims and Their
Authenticity Cannot Be Questioned ...........................................................4

CONCLUSION....................................................................................................................6

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................2

*Doe v. Noem*,
    783 F. Supp. 3d 907 (W.D. Va. 2025) ...........................................................................2

*Goines v. Valley Cmty. Servs. Bd.*,
    822 F.3d 159 (4th Cir. 2016) .................................................................................2, 4, 5

*Malla v. Rubio*,
    2026 WL 730243 (D. Md. Mar. 16, 2026)....................................................................2

*Philips v. Pitt County Memorial Hosp.*,
    572 F.3d 176 (4th Cir. 2009) .........................................................................................2

*United States v. Garcia*,
    855 F.3d 615 (4th Cir. 2017) .........................................................................................2

*Veney v. Wyche*,
    293 F.3d 726 (4th Cir. 2002) .........................................................................................2

STATUTES

42 U.S.C. § 300gg-111(c)(2)(a)..............................................................................................4

44 U.S.C. § 1507......................................................................................................................2

REGULATIONS

45 C.F.R. § 149.510 .................................................................................................................4

RULES

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

Fed. R. Civ. P. 32(a)(6)............................................................................................................5

Fed. R. Evid. 106 .....................................................................................................................5

Fed. R. Evid. 201(b)...................................................................................................................2

**OTHER AUTHORITIES**

CMS, *Federal Independent Dispute Resolution (IDR) Technical Assistance for Certified IDR Entities and Disputing Parties* (June 2025), https://www.cms.gov/files/document/idr-ta-errors-after-dispute-closure.pdf .........................................................................................1, 3

CMS, *Submit a Petition to Revoke the Certification of a Current IDR Entity Providing Dispute Services* (last visited Mar. 18, 2026), https://www.cms.gov/nosurprises/help-resolve-payment-disputes/submit-feedback-on-certified-organizations...........................................1, 3

HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties* (Dec. 2023 Update to Oct. 2022 Guidance), https://www.cms.gov/files/document/federal-independent-dispute-resolution-guidance-disputing-parties.pdf (applying to services furnished before October 25, 2022) .................1, 3

HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties* (Dec. 2023 Update to Mar. 2023 Guidance), https://www.cms.gov/files/document/federal-idr-guidance-disputing-parties-march-2023.pdf (applying to services furnished after October 25, 2022) .......................................................1, 3

HHS et al., *Initial Report on the Independent Dispute Resolution (IDR) Process* (Sept. 30, 2022), https://www.cms.gov/files/document/initial-report-idr-april-15-september-30-2022.pdf.....1, 4

HHS et al., *Supplemental Background on Federal Independent Dispute Resolution Public Use Files, January 1, 2025 – June 30, 2025*, https://www.cms.gov/files/document/federal-idr-supplemental-background-2025-q1-2025-q2.pdf .................................................................1, 3

## INTRODUCTION

AGS Health, LLC respectfully requests that the Court take judicial notice of the following federal agency publications that are cited in AGS's Memorandum in Support of its Motion to Dismiss Anthem's Complaint and Reply in Support of its Motion to Dismiss Anthem's Complaint.[1]  Those documents (hereafter "IDR process documents") are:

- **Exhibit A:** HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties* (Dec. 2023 Update to Oct. 2022 Guidance), https://www.cms.gov/files/document/federal-independent-dispute-resolution-guidance-disputing-parties.pdf (applying to services furnished before October 25, 2022)

- **Exhibit B:** HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties*  (Dec. 2023 Update to Mar. 2023 Guidance), https://www.cms.gov/files/document/federal-idr-guidance-disputing-parties-march-2023.pdf (applying to services furnished after October 25, 2022)

- **Exhibit C:** HHS et al., *Supplemental Background on Federal Independent Dispute Resolution Public Use Files, January 1, 2025 – June 30, 2025*, https://www.cms.gov/files/document/federal-idr-supplemental-background-2025-q1-2025-q2.pdf

- **Exhibit D**, CMS, *Federal Independent Dispute Resolution (IDR) Technical Assistance for Certified IDR Entities and Disputing Parties* (June 2025), https://www.cms.gov/files/document/idr-ta-errors-after-dispute-closure.pdf

- **Exhibit E:** CMS, *Submit a Petition to Revoke the Certification of a Current IDR Entity Providing Dispute Services* (last visited Mar. 18, 2026), https://www.cms.gov/nosurprises/help-resolve-payment-disputes/submit-feedback-on-certified-organizations

- **Exhibit F:** HHS et al., *Initial Report on the Independent Dispute Resolution (IDR) Process* (Sept. 30, 2022), https://www.cms.gov/files/document/initial-report-idr-april-15-september-30-2022.pdf

## LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, district courts may consider matters

---

[1] These documents are attached as exhibits to the accompanying Declaration of B. Kurt Copper (the "Copper Declaration").

of judicial notice, documents incorporated by reference into the complaint, or documents integral to the complaint without converting the motion to dismiss into a motion for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). District courts are not required to credit allegations in the complaint that contradict matters that subject to judicial notice, incorporated by reference, or integral to the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Nor must a Court take as true a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## DISCUSSION

### A. The Court Should Take Judicial Notice of IDR Guidance Documents Published by the Federal Agencies Responsible for Overseeing the Process.

The Court can take judicial notice of a fact not subject to reasonable dispute. Fed. R. Evid. 201(b). That includes regulations and agency guidance. *See, e.g.*, 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed."); *United States v. Garcia*, 855 F.3d 615, 621–22 (4th Cir. 2017); *Doe v. Noem*, 783 F. Supp. 3d 907, 925 n.8 (W.D. Va. 2025) (holding that the court may take judicial notice of guidance published by DHS). As the Fourth Circuit has made clear, courts "routinely take judicial notice of information contained on state and federal government websites." *Garcia*, 855 F.3d at 621–22. And district courts routinely do so, including guidance materials relating to agency procedures, when resolving motions to dismiss. *See, e.g.*, *Doe*, 783 F. Supp. 3d at 925 n.8; *Malla v. Rubio,* 2026 WL 730243, at *3 n.7 (D. Md. Mar. 16, 2026) (taking judicial notice of State Department's manual that "govern[s] the operations of the State Department" found on the Department's website).

Here the Court should take judicial notice of the attached IDR process documents. Each

2

document is publicly available on an official government agency's website.  Copper Decl. 2–3.

The agencies published these documents online to help the public understand and navigate the

novel Independent Dispute Resolution ("IDR") process.  First, the Department of Health and

Human Services ("HHS") published **Exhibit A** and **Exhibit B** as guidance documents to educate

"disputing parties . . . who are seeking to resolve a claim for payment for [out-of-network] health

care items or services through the Federal IDR Process."[2]  Second, CMS published **Exhibit C** to

provide a "status update[]" on the "implementation of the Federal IDR process."[3]  Third, HHS's

subagency, the Centers for Medicare & Medicaid Services ("CMS") published **Exhibit D** as

"technical assistance for certified IDR entities and disputing parties" in remedying "errors

identified after [a] dispute['s] closure[.]"[4]  Fourth, CMS published **Exhibit E** as a means to allow

"[m]embers of the public, providers, facilities, providers of air ambulance services, plans or

issuers, and state regulators [to] petition to revoke the certification of a current certified IDR

entity."[5]  Fifth, HHS published **Exhibit F** to provide various required information to the public on

---

[2] HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties*, at 5 (Dec. 2023 Update to Oct. 2022 Guidance), https://www.cms.gov/files/document/federal-independent-dispute-resolution-guidance-disputing-parties.pdf (Exhibit A); HHS et al., *Federal Independent Dispute Resolution (IDR) Process Guidance for Disputing Parties*, at 6 (Dec. 2023 Update to Mar. 2023 Guidance), https://www.cms.gov/files/document/federal-idr-guidance-disputing-parties-march-2023.pdf (Exhibit B).

Although these documents appear on CMS's website, they were published jointly by HHS, the Department of Labor, and the Department of the Treasury. **Exhibit A** applies to services furnished ***before*** October 25, 2022 and **Exhibit B** applies to services furnished ***after*** October 25, 2022.

[3] HHS et al., *Supplemental Background on Federal Independent Dispute Resolution Public Use Files, January 1, 2025 – June 30, 2025*, at 1, https://www.cms.gov/files/document/federal-idr-supplemental-background-2025-q1-2025-q2.pdf.

[4] CMS, *Federal Independent Dispute Resolution (IDR) Technical Assistance for Certified IDR Entities and Disputing Parties*, at 1 (June 2025), https://www.cms.gov/files/document/idr-ta-errors-after-dispute-closure.pdf (quotation modified).

[5] CMS, *Submit a Petition to Revoke the Certification of a Current IDR Entity Providing Dispute Services*, (last visited Mar. 18, 2026), https://www.cms.gov/nosurprises/help-resolve-payment-disputes/submit-feedback-on-certified-organizations.

the implementation of the IDR process.[6]  Both HHS and CMS have responsibility for overseeing and implementing the IDR process.  42 U.S.C. § 300gg-111(c)(2)(a); *see* 45 C.F.R. § 149.510. Collectively, the documents detail the established IDR process and so are essential to the Court's evaluation of Anthem's Complaint.

Indeed, Anthem itself recognizes the authoritative nature of these very resources.  In paragraph 46 of its Complaint, Anthem invokes CMS "resources," acknowledging that CMS "has issued several resources to aid interested parties in determining whether a state surprise billing law exists."  *See* Compl. ¶ 46.  Anthem thus cannot credibly contest that these agency publications— issued by the very federal agency Anthem identifies as "primarily charged with implementing the IDR process," *id.*—are proper subjects of judicial notice.

In sum, the IDR process documents are published by federal agencies and are not subject to reasonable dispute, so the Court may take judicial notice of them and consider them when resolving AGS's Motion to Dismiss.

**B.** **In the Alternative, the Court Should Consider the Documents Because They Are Integral to Anthem's Claims and Their Authenticity Cannot Be Questioned.**

Courts may also consider documents outside the complaint on a motion to dismiss where those documents are incorporated into the complaint or where "the document[s] [are] integral to the complaint and there is no dispute about the document[s'] authenticity."  *Goines*, 822 F.3d at 166.  The complaint need not specifically name the document; it is enough that the claims in the complaint "turn on" or are "otherwise based on" the contents of the document.  *Id.* (citation omitted).  In these circumstances, the court may "credit[] the document over conflicting allegations

---

[6] HHS et al., *Initial Report on the Independent Dispute Resolution (IDR) Process*, at 9 (Sept. 30, 2022), https://www.cms.gov/files/document/initial-report-idr-april-15-september-30-2022.pdf.  Although this document appears on CMS's website, it was published jointly by HHS, the Department of Labor, and the Department of the Treasury.

in the complaint[.]" *Id.* at 167.

The IDR process documents satisfy this standard. To start, Anthem's claims and substantive allegations rely entirely on the IDR process, including:

- Anthem's general description of the IDR process (Compl. ¶¶ 37–47);

- Anthem's specific reference to CMS resources and acknowledgement that, "[t]he Centers for Medicare & Medicaid Services ("CMS"), the federal agency within the Department of Health and Human Services ("HHS") that is primarily charged with implementing the IDR process on behalf of the Departments, has issued several resources to aid interested parties[.]" (*id.*, ¶ 46) (footnoting other CMS guidance documents);

- Anthem's reference to the IDR initiation form published by federal agencies (*id.*, ¶¶ 48–63);

- Anthem's reference to "the online process for initiating IDR[.]" (*id.*, ¶ 116);

- Anthem's specific and repeated reference to "CMS publications and resources" (*id.* ¶¶ 341, 324, 362).

Anthem cannot purport to describe how federal agencies administer the IDR process, then resist AGS's effort to introduce agency guidance that provides the Court with the full picture and fills in the gaps within Anthem's preferred narrative. *Cf.* Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(6). Further, even beyond these repeated references to the IDR process, Anthem itself repeatedly directs the Court's attention to CMS's website—the same general website where each of the Exhibits are located. Compl. ¶¶ 41 n.2, 46 n.5, 90 n.12, 92 n.13, 105 n.25, 155 n.40. In other words, Anthem's claims all "turn on" an understanding of the IDR process, and the IDR process documents are integral to that understanding. *Goines*, 822 F.3d at 166. Finally, Anthem cannot dispute the authenticity of the IDR process documents, all of which are available on an official government website that Anthem's own Complaint invokes.

Accordingly, the IDR process documents are properly considered as part of the Court's disposition of AGS's Motion to Dismiss.

## CONCLUSION

Because the IDR process documents are judicially noticeable, and also because these documents are integral to the Complaint, the Court should consider them when ruling on AGS's Motion to Dismiss.

Dated: April 10, 2026                                  JONES DAY

                                                       By: */s/ B. Kurt Copper*

                                                       William G. Laxton Jr.
                                                       VA Bar No. 75110
                                                       Jessica M. Sarkis (admitted *pro hac vice*)
                                                       DC Bar No. 9022648
                                                       JONES DAY
                                                       51 Louisiana Ave., N.W.
                                                       Washington, D.C. 20001-2113
                                                       Tel: + 1.202.879.3939
                                                       Fax: + 1.202.626.1700
                                                       [wglaxton@jonesday.com]
                                                       [jsarkis@jonesday.com]

                                                       B. Kurt Copper (admitted *pro hac vice*)
                                                       TX Bar No. 24117918
                                                       JONES DAY
                                                       2727 North Harwood Street
                                                       Dallas, TX 75201.1515
                                                       Tel: + 1.214.969.5163
                                                       Fax: + 1.214.969.5100
                                                       [bkcopper@jonesday.com]

                                                       Heather M. O'Shea (admitted *pro hac vice*)
                                                       Illinois Bar No. 6287953
                                                       JONES DAY
                                                       110 North Wacker Drive, Suite 4800
                                                       Chicago, Illinois 60606
                                                       Tel: + 1.312.269.4009
                                                       Fax: + 1.312.782.8585
                                                       [hoshea@jonesday.com]

                                                       *Attorneys for AGS Health, LLC.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2026, a true and accurate copy of the foregoing was filed through the Court's CM/ECF system and will be sent electronically to the registered participants.

*/s/ B. Kurt Copper*
B. Kurt Copper

8