**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD and HEALTHKEEPERS, INC.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **AGS HEALTH, INC., THE SCHUMACHER GROUP OF LOUISIANA, INC. D/B/A SCP HEALTH, THE SCHUMACHER GROUP OF VIRGINIA, INC., INGLESIDE EMERGENCY GROUP, LLC, KINGSFORD EMERGENCY GROUP, LLC, LAKE SPRING EMERGENCY GROUP, LLC, WESTERN VIRGINIA REGIONAL EMERGENCY PHYSICIANS, LLC, and WILDWOOD EMERGENCY GROUP, LLC,** | **Civil Action No. 7:25-cv-00804**<br><br>**District Judge:  Robert S. Ballou**<br>**Magistrate Judge:  Joel C. Hoppe** |
| **Defendants.** | |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DEFENDANTS'  RULES 12(B)(1) AND 12(B)(6) MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

LEGAL STANDARD......................................................................................... 2

ARGUMENT...................................................................................................... 3

    I.    All Seven Factors Weigh in Favor of a Discovery Stay. ...................................... 3

        A.    Defendants' Motions to Dismiss Raise Purely Legal Challenges that Would Dispose of the Entire Case Because the IDR Process is the Proper Forum for Anthem's Disputes. .................................................. 3

        B.    The Nature and Complexity of the Action Support Granting a Stay. ......... 7

        C.    No Counterclaims or Crossclaims Are Present, and All Defendants Request a Stay. .......................................................................................... 8

        D.    The Litigation Remains in Early Stages. .................................................... 8

        E.    The Expected Extent of Discovery Would be Burdensome. ...................... 9

        F.    Additional Considerations Support Granting a Stay................................. 11

        G.    Although Unanimity is Not Required, All Seven Factors on Balance Warrant a Stay........................................................................... 12

CONCLUSION................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

CASES

*Anthem Blue Cross Life and Health Ins. Co. v. HaloMD LLC*,
   No. 8:25-cv-01467 (C.D. Cal. July 7, 2025) ...............................................................11

*Anthem Blue Cross Life and Health Ins. Co. v. Prime Healthcare Services St.
Francis, LLC*,
   No. 8:26-cv-00023 (C.D. Cal. Jan. 5, 2026) ...............................................................11

*Baldwin v. Williams*,
   2025 WL 926378 (S.D.W. Va. Mar. 27, 2025) ...............................................................6

*Blankenship v. Napolitano*,
   2019 WL 6173530 (S.D.W. Va. Nov. 19, 2019) .......................................................3, 8, 10, 13

*Blankenship v. Trump*,
   2020 WL 748874 (S.D. W.Va. Feb. 13, 2020) ...............................................................7, 10, 13

*Bluefield Gas Co. v. Abbs Valley Pipeline, LLC*,
   2010 WL 11562028 (S.D.W. Va. Mar. 30, 2010) ...........................................................5, 6, 7

*Bragg v. U.S.*,
   2010 WL 3835080 (S.D.W. Va. Sept. 29, 2010) ...............................................................7

*Chaudhry v. Mobil Oil Corp.*,
   186 F.3d 502 (4th Cir. 1999) ...............................................................4

*Chirchir v. Genworth Mortgage Insurance Corp.*,
   2021 U.S. Dist. LEXIS 43940 (S.D.W. Va. Mar. 8, 2021) .................................................10

*Citynet, LLC v. Frontier West Virginia Inc.*,
   2016 WL 6133844 (S.D.W. Va. Oct. 19, 2016) ...............................................................10

*Cleveland Const., Inc. v. Schenkel & Schultz Architects, P.A.*,
   2009 WL 903564 (W.D.N.C. Mar. 31, 2009) ...............................................................3, 10

*Community Ins. Co. v. HaloMD, LLC*,
   No. 1:25-cv-00388 (S.D. Ohio June 10, 2025) ...............................................................11

ii

*Corey v. N.Y. York Stock Exch.*,
691 F.2d 1205 (6th Cir. 1982) ...................................................................................5

*Ctr. for Excellence in Higher Educ., Inc. v. Accreditation All. of Career Schs. & Colls.*,
2025 WL 725265 (E.D. Va. Mar. 6, 2025) .................................................................5

*Fakhri v. Marriot Int'l Hotels, Inc.*,
201 F. Supp. 3d 696 (D. Md. 2016) ............................................................................5

*GCE Gas Control Equipment, Inc. v. 3B Medical Manufacturing, LLC*,
2024 WL 217752 (D. Md. Jan. 18, 2024) ...................................................................8

*Guardian Flight, L.L.C. v. Health Care Serv. Corp.*,
140 F.4th 271 (5th Cir. 2025) .................................................................................5, 6

*Guardian Flight, L.L.C. v. Med. Evaluators of Tex. ASO, L.L.C.*,
140 F.4th 613 (5th Cir. 2025) ....................................................................................5

*Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*,
512 F.3d 742 (5th Cir. 2008) .....................................................................................5

*Harrison v. Westinghouse Savannah River Co.*,
176 F.3d 776 (4th Cir. 1999) ...................................................................................12

*In re Webvention LLC '294 Patent Litigation*,
868 F. Supp. 2d 500 (D. Md. June 15, 2012)..............................................................9

*Jackson v. Castevens*,
Docket No. 7:18-cv-00362, ECF No. 39 (W.D. Va. Dec. 13, 2018).........................4

*Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*,
43 F.3d 922 (4th Cir. 1995) .......................................................................................2

*Nat'l Ass'n of Gov't Emps. v. Fed. Lab. Rels. Auth.*,
830 F. Supp. 889 (E.D. Va. 1993) .............................................................................5

*Oakley v. Coast Professional, Inc.*,
2021 WL 3520539 (S.D.W. Va. Aug. 10, 2021) ............................................. passim

*PHI Health, LLC v. UnitedHealthcare Insurance Company*,
Docket No. 3:24-cv-569, ECF No. 29 (E.D. Va. Mar. 25, 2025).............................5

*Rhett v. Rehak*,
Docket No. 7:25-cv-00911, ECF No. 27 (W.D. Va. Jan. 14, 2026) ........................................4

*Rivers v. U.S.*,
Docket No. 6:18-cv-00061, ECF No. 335 (W.D. Va. Jan. 24, 2020) ......................................4

*Rowe v. Citibank N.A.*,
2015 WL 1781559 (S.D.W. Va. Apr. 17, 2015)................................................................. passim

*Sheehan v. U.S.*,
2012 WL 1142709 (N.D.W. Va. Apr. 4, 2012) ...................................................................4, 5

*Taylor v. Sethmar Transp., Inc.*,
2020 WL 1181531 (S.D.W. Va. Mar. 11, 2020) ......................................................................4

*Thigpen v. U.S.*,
800 F.2d 393 (4th Cir. 1986) .................................................................................................4

*U.S. ex rel. Schutte v. Supervalu, Inc.*,
2016 WL 3906570 (C.D. Ill. July 14, 2016)............................................................................12

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
525 F.3d 370 (4th Cir. 2008) .................................................................................................12

*United States v. Daily Gazette Co.*,
2007 WL 7575700 (S.D.W. Va. Oct. 18, 2007) ..................................................................7, 10

*Wang Lab'ys, Inc. v. Burts*,
612 F. Supp. 441 (D. Md. 1984)............................................................................................12

*Wood v. Int'l Bhd. of Teamsters*,
2025 WL 2938685 (D. Alaska Oct. 16, 2025)...........................................................................6

*Wymes v. Lustbader*,
2012 WL 1819836 (D. Md. May 16, 2012)....................................................................2, 3, 11

*Zahariev v. Gower Family Dentistry, LLC*,
2026 WL 457751 (D.S.C. Feb. 18, 2026)................................................................................5

**REGULATIONS**

45 C.F.R. § 149.510(c)(1)(iii)................................................................................................6

**RULES**

Federal Rule of Civil Procedure 12(b)................................................................................4

Federal Rule of Civil Procedure 16 ...................................................................................1

Federal Rule of Civil Procedure 26 ...........................................................................1, 2, 8

Pursuant to Rules 16 and 26 and the Court's inherent authority to control its docket, Defendant AGS Health, LLC ("AGS"), along with The Schumacher Group of Louisiana, Inc., The Schumacher Group of Virginia, Inc., Ingleside Emergency Group, LLC, Kingsford Emergency Group, LLC, Lake Spring Emergency Group, LLC, Western Virginia Regional Emergency Physicians, LLC, and Wildwood Emergency Group, LLC, respectfully request a stay of discovery pending the Court's resolution of Defendants' motions to dismiss. The Complaint here is the subject of jurisdictional and other legal challenges, and the threat of potentially massive discovery equaling massive waste merits a short stay to adjudicate these threshold issues.

## INTRODUCTION

Plaintiffs Anthem Blue Cross and Blue Shield and Healthkeepers, Inc. (together, "Anthem") seek to collaterally attack "thousands" of "binding" healthcare reimbursement decisions rendered by certified, third-party federal arbitrators known as Independent Dispute Resolution Entities ("IDREs"). ECF No. 1 ("Compl."), ¶ 10. While the exact disputes purportedly at issue are still unidentified, they concern IDRE decisions in which Anthem did not prevail because the arbitrators chose the Provider Defendants' offers over offers Anthem submitted. Anthem alleges that "more than 16,000" of those adverse results are the product of allegedly improper attestations of belief that the disputes were eligible for the IDR Process, and that some other unspecified number of results involved offers that "far exceed commercially reasonable rates." *Id.*, ¶¶ 3, 10, 47, 109. Yet Anthem was obligated to provide eligibility information and its own offers to the arbitrators, and those neutral third-party IDREs rendered a decision with both parties' submissions before them, as they must. Despite the complexity of these determinations and a carefully laid-out process codified in federal law without provision for judicial review, Anthem asks this Court to undo these thousands of awards—and hand Anthem a massive monetary

1

judgment—by claiming that Defendants are part of an ongoing fraudulent scheme to manipulate the IDR Processes. As Defendants' motions to dismiss explain, Anthem's claims are fatally flawed for multiple independent reasons. Nevertheless, Anthem seeks to press forward in a case that will require massive discovery into thousands of individual arbitration proceedings.

The Court should stay discovery while it addresses the legal issues presented by Defendants' motions to dismiss. The case is currently in its early stages, and Defendants raise numerous **purely legal** arguments that do not require discovery to resolve—any one of which would be case-dispositive. Indeed, this case presents particularly strong grounds for a stay given the jurisdictional challenges raised, and Congress's mandate that these disputes belong in arbitration rather than federal court. Meanwhile, discovery here will likely be voluminous and complex. The burden is especially acute for AGS, which is alleged to have played only a minimal role yet would be required to review and produce documents regarding thousands of claims, all subject to complex PHI-related restrictions. A brief and temporary stay of discovery pending resolution of the motions to dismiss makes sense.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 affords district courts "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). "[T]his broad discretion includes the authority to stay discovery pending resolution of a dispositive motion." *Oakley v. Coast Professional, Inc.*, 2021 WL 3520539, at *1 (S.D.W. Va. Aug. 10, 2021). "Such stays can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Wymes v. Lustbader*, 2012 WL 1819836, at *4 (D. Md. May 16, 2012) (citation modified).

This Court has looked to the "context of each case" in evaluating "whether to grant a stay of discovery." *Oakley*, 2021 WL 3520539, at *1. The Court has rejected a "categorical rule,"

2

instead emphasizing that "such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." *Blankenship v. Napolitano*, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019); *see also Oakley*, 2021 WL 3520539, at *1.

In considering a temporary stay of discovery, this Court looks to a host of factors: "(1) the type of [dispositive] motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances." *Oakley*, 2021 WL 3520539, at *2; *see also Rowe v. Citibank N.A.*, 2015 WL 1781559, at *1 (S.D.W. Va. Apr. 17, 2015). "No single factor is dispositive[;] [t]hese factors are simply a framework to assist the court as it seeks to avoid the vices of unnecessary expense and unnecessary delay[.]" *Oakley*, 2021 WL 3520539, at *2.

## ARGUMENT

### I. All Seven Factors Weigh in Favor of a Discovery Stay.

The unique circumstances of this case merit a brief stay of discovery. As explained below, all seven factors weigh in favor of a stay.

### A. Defendants' Motions to Dismiss Raise Purely Legal Challenges that Would Dispose of the Entire Case Because the IDR Process is the Proper Forum for Anthem's Disputes.

First, Defendants' motions to dismiss raise multiple legal arguments that would dispose of this case, thereby warranting a stay of discovery. "Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case." *Cleveland Const., Inc. v. Schenkel & Schultz Architects, P.A.*, 2009 WL 903564, at *2 (W.D.N.C. Mar. 31, 2009) (citing cases); *see also Wymes*, 2012 WL 1819836, at *4 ("[I]t is not uncommon for courts to stay

3

discovery pending resolution of dispositive motions.").

A discovery stay is proper where dispositive motions "raise pure legal arguments which will be dispositive if accepted." *Oakley*, 2021 WL 3520539, at \*2; *see also Rowe*, 2015 WL 1781559, at \*2; *cf. Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming discovery stay pending resolution of motion to dismiss). Of course, not every argument in a motion to dismiss has to "present purely legal matters." *Oakley*, 2021 WL 3520539, at \*3. Rather, "it is sufficient … [for] defendants [to] raise *some* purely legal arguments that would be dispositive." *Id.* (emphasis in original).

Discovery stays are particularly warranted where, as here, "lack of subject matter jurisdiction" arguments are raised that "do[] not depend upon any facts or discovery." *Sheehan v. U.S.*, 2012 WL 1142709, at \*2 (N.D.W. Va. Apr. 4, 2012); *see also Taylor v. Sethmar Transp., Inc.*, 2020 WL 1181531, at \*4 (S.D.W. Va. Mar. 11, 2020) ("[S]taying discovery is appropriate where jurisdictional objections are 'purely questions of law that are potentially dispositive.'") (citation omitted); *cf. Thigpen v. U.S.*, 800 F.2d 393, 396 (4th Cir. 1986) (affirming district court "stay[ing] discovery pending disposition of the 12(b)(1) motion"). This Court has frequently stayed discovery under such circumstances. *See, e.g.*, *Rhett v. Rehak*, Docket No. 7:25-cv-00911, ECF No. 27 (W.D. Va. Jan. 14, 2026) (Ballou, J.) (staying discovery pending a decision on 12(b)(1) and 12(b)(6) motion challenging subject matter jurisdiction); *cf. Jackson v. Castevens*, Docket No. 7:18-cv-00362, ECF No. 39 (W.D. Va. Dec. 13, 2018) (staying discovery where not necessary to resolve motion to dismiss); *Rivers v. U.S.*, Docket No. 6:18-cv-00061, ECF No. 335 (W.D. Va. Jan. 24, 2020) (Hoppe, J.) (staying discovery pending resolution of motion to dismiss that would dispose of case in its entirety on legal grounds). And of course the Court may grant a stay "[w]ithout taking a position as to the ultimate merits of [Defendants'] motion[s] to dismiss."

4

*Bluefield Gas Co. v. Abbs Valley Pipeline, LLC,*, 2010 WL 11562028, at *2 (S.D.W. Va. Mar. 30, 2010).

Here, the nature of Defendants' arguments illustrate the need for a stay of discovery. Defendants' motions to dismiss raise, as a threshold matter, the No Surprises Act's provision generally barring "judicial review" such that this Court lacks subject matter jurisdiction over Anthem's claims. *See* ECF No. 38, pgs. 12–16; ECF No. 41, pgs. 15–20. Indeed, the Fifth Circuit recently held that the NSA "creates no private right of action to challenge IDR awards"—just the opposite, it "explicitly *bars* judicial review of those awards" except for limited circumstances not applicable here.[1] *Guardian Flight, L.L.C. v. Med. Evaluators of Tex. ASO, L.L.C.*, 140 F.4th 613, 620 (5th Cir. 2025) ("Guardian Flight II") (emphasis in original). *See also Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 275 (5th Cir. 2025) ("Guardian Flight I"); *cf. Nat'l Ass'n of Gov't Emps. v. Fed. Lab. Rels. Auth.*, 830 F. Supp. 889, 894–95 (E.D. Va. 1993); *Ctr. for Excellence in Higher Educ., Inc. v. Accreditation All. of Career Schs. & Colls.*, 2025 WL 725265, at *6 (E.D. Va. Mar. 6, 2025); *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 750–53 (5th Cir. 2008); *Fakhri v. Marriot Int'l Hotels, Inc.*, 201 F. Supp. 3d 696, 712–718 (D. Md. 2016) (quoting *Gulf Petro* and concluding that the plaintiff's claim is "no more than an impermissible collateral attack on the [arbitration] award itself"). As another district court in this circuit explained, "[T]he No Surprises Act [] **does not confer federal question jurisdiction**." *PHI Health, LLC v. UnitedHealthcare Insurance Company*, No. 3:24-cv-569, ECF No. 29, at *1–2) (E.D. Va. Mar. 25, 2025) (emphasis added) (citing cases). This argument for "lack of subject matter jurisdiction … [is a] purely legal matter[]" that counsels in favor of staying discovery.

---

[1] Courts within the Fourth Circuit have reached the same conclusion. *See, e.g., Zahariev v. Gower Family Dentistry, LLC*, 2026 WL 457751, at *2 (D.S.C. Feb. 18, 2026) (affirming that the No Surprises Act does not "contain[] a private right of action")

5

*Sheehan*, 2012 WL 1142709, at *2.

Further, Defendants raise several other "pure legal arguments"—including that Anthem's claims are barred by the *Noerr-Pennington* Doctrine and issue preclusion. *See* ECF No. 38, pgs. 16–18, 27–31; ECF No. 41, pgs. 28–32. Each (and any one) of these arguments "will be dispositive if accepted." *Oakley*, 2021 WL 3520539, at *2; *see also Baldwin v. Williams*, 2025 WL 926378, at *2 (S.D.W. Va. Mar. 27, 2025) (staying discovery where "a motion to dismiss challenging the legal sufficiency of the complaint is a threshold issue that should be resolved before the parties expend substantial resources on the discovery process").

Finally, this case presents a particularly strong basis for a stay given that Congress has mandated that these disputes be arbitrated through the IDR process. Arguments that a dispute must be arbitrated present a "unique set of circumstances" weighing in favor of staying discovery. *See Bluefield Gas Co.*, 2010 WL 11562028, at *2; *see also Wood v. Int'l Bhd. of Teamsters*, 2025 WL 2938685, at *3 (D. Alaska Oct. 16, 2025) (staying discovery pending a ruling on a party's motion to compel arbitration under plaintiff's individual statutory right under the Railway Labor Act (RLA)). For instance, this Court has previously stayed discovery where a party moved to compel arbitration based upon Congress establishing a "federal policy favoring arbitration." *Bluefield Gas Co.,* 2010 WL 11562028, at *2 (citation modified). Here, while the parties participated in congressionally-mandated arbitration as opposed to contractual arbitration, the same considerations apply. Congress established the IDR process to efficiently handle these potentially complex health care insurance disputes. In doing so, Congress made clear that "The NSA expressly *bars* judicial review of IDR awards *except* as to the specific provisions borrowed from the FAA," none of which apply here. *Guardian Flight I*, 140 F.4th at 275 (emphasis in original). Congress and the governing agency have required insurers like Anthem to challenge

6

IDRE eligibility *during* the arbitration-style IDR process—not in federal court. *See* 45 C.F.R. § 149.510(c)(1)(iii); *see also* ECF No. 38, pgs. 3–6. Defendants' contentions that these disputes must be resolved through IDR arbitration further "justif[y] a temporary stay in this matter." *Bluefield Gas Co.*, 2010 WL 11562028, at *2.

In sum, the first factor weighs heavily in favor of a stay.

**B.    The Nature and Complexity of the Action Support Granting a Stay.**

The second factor likewise weighs heavily in favor of staying discovery. Courts recognize that particularly complex actions, where discovery will demand more than the standard case, are especially appropriate for stays of discovery pending resolution of threshold dispositive motions. *Oakley*, 2021 WL 3520539, at *2; *see, e.g.*, *Bragg v. U.S.*, 2010 WL 3835080, at *2 (S.D.W. Va. Sept. 29, 2010). Here, Anthem's 100-page complaint asserts ten different counts across 385 paragraphs. Anthem seeks to challenge "[m]ore than 16,000" IDR awards. Compl., ¶ 10. And its claims implicate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), state common law theories and statutory schemes, ERISA, and the NSA (a new and complex federal statutory scheme). *See United States v. Daily Gazette Co.*, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007) (staying discovery where action presented "issues of first impression" and "significant time and expense" would be devoted to the discovery process); *Blankenship v. Trump*, 2020 WL 748874, at *3 (S.D.W. Va. Feb. 13, 2020) (finding that the "breadth of topics covered by the discovery requests" and the "volume of documents and communications that may be involved from a multitude of sources" supported a stay, and that "[d]ue to the complexity and potential sensitivity of the discovery requests, a stay to decide the dispositive motion is appropriate"). Discovery has the potential to be sprawling, involving thousands of individual proceedings, separate individual arbitrators, individualized circumstances, and choices made by each party in conducting each of the arbitrations.

The complexity—and the need for a stay—is compounded by the paucity of Anthem's allegations against AGS specifically. Despite the complaint's length, AGS is mentioned in only a handful of paragraphs, and Anthem alleges no facts suggesting that AGS made any substantive decisions about IDR eligibility determinations. Instead, AGS is swept into this sprawling litigation based solely on its administrative role in allegedly creating technical means through which provider clients could pursue chosen claims via the NSA's IDR process. Subjecting AGS to full-blown discovery on such sparse allegations would be particularly wasteful if, as is likely, the Court grants the dispositive motions. Accordingly, this factor strongly favors a stay.

## C.    No Counterclaims or Crossclaims Are Present, and All Defendants Request a Stay.

The third and fourth factors similarly weigh in favor of a stay. A discovery stay is advisable where "there are not counterclaims or crossclaims, and all defendants want a stay." *Oakley*, 2021 WL 3520539, at *3. Here, there are currently no counterclaims or crossclaims, and all defendants have joined in the request for a stay. *See Napolitano*, 2019 WL 6173530, at *4.

## D.    The Litigation Remains in Early Stages.

The fifth factor likewise weighs in favor of staying discovery. "Granting a stay is more appropriate when the action is early in the litigation process." *Napolitano*, 2019 WL 6173530, at *4. Courts within the Fourth Circuit have found a period as long as twenty months after filing of a complaint to be "fairly early" to support a stay of discovery. *Rowe*, 2015 WL 1781559, at *2; *see also Napolitano*, 2019 WL 6173530, at *4 (period of eight months was "early" in litigation process). Further, a discovery stay is warranted where "[n]o significant discovery has occurred … and the parties have not yet submitted a Rule 26(f) report." *Napolitano*, 2019 WL 6173530, at *4.

By all metrics, this litigation is in its infancy. The case was filed barely four months ago. No discovery has occurred, and no Rule 26(f) report has been filed. *See GCE Gas Control Equip., Inc. v. 3B Med. Mfg., LLC*, 2024 WL 217752, at *3 (D. Md. Jan. 18, 2024) (concluding that "case

8

remains at a relatively early stage" over a year after discovery commenced because "no trial date [had] been set in the case"); *In re Webvention LLC '294 Patent Litigation*, 868 F. Supp. 2d 500, 504 (D. Md. June 15, 2012) (similar).  And even if a scheduling order was issued prior to a ruling on this motion, the Court can of course "enter a new scheduling order if the case is not dismissed." *Oakley*, 2021 WL 3520539, at *3.  In sum, this factor further supports granting a stay of discovery.

### E.   The Expected Extent of Discovery Would be Burdensome.

The sixth factor, the expected extent of discovery, is particularly weighty here.  Courts have opted to stay discovery where a defendant "would incur 'very real and substantial' litigation expenses associated with responding to … discovery requests."  *Rowe*, 2015 WL 1781559, at *2.

Here, Anthem's complaint targets seven different medical providers and challenges "[m]ore than 16,000 disputes."  Compl., ¶ 10.  Each of those disputes concerns individual medical services and involves insurance issues unique to the particular dispute.  As but one example, the Complaint alleges that for IDR proceeding DISP-625836, one of the provider defendants rendered a health care service and billed Anthem.  In response, Anthem paid less than 13% of the amount billed, and the provider then initiated IDR.  In Anthem's view, the claim was fraudulent because Anthem said it believed state law, rather than federal law, governed the claim, so the claim did not belong in the NSA IDR process.  On this dispute alone, a multitude of issues would require discovery – the communications between the parties; whether Anthem objected and if so, in what form; what the arbitrator knew and how the arbitrator decided (i.e., whether any reliance actually occurred); what each party believed; whether the state of the division between state and federal law on this particular claim was sufficiently clear that a party could even commit fraud when stating it was eligible for the federal process.  The list goes on and on.  A similar host of individualized issues will need to be explored for each of the thousands of individual IDR proceedings Anthem challenges, and perhaps others between the parties that Anthem does not

9

challenge here but that are relevant to the claims and defenses in this case.

Such "voluminous discovery" risks massive waste and inefficiency that can be avoided via a temporary stay. *Cleveland Const., Inc.*, 2009 WL 903564, at \*2 (staying discovery and concluding that "[i]f discovery is not stayed and if the motion to dismiss is granted, the voluminous discovery in this case would be wasteful and inefficient"). *See* also *Chirchir v. Genworth Mortgage Insurance Corp.*, 2021 U.S. Dist. LEXIS 43940, at \*3 (S.D.W. Va. Mar. 8, 2021) (granting stay where discovery would be "burdensome and expensive" and "[involve] a manual review of nearly one million policies"); *Napolitano*, 2019 WL 6173530, at \*3, 4 (granting stay where sheer number of defendants across several states made coordinating discovery a "remarkably complicated endeavor" and "costly and burdensome," and where even preliminary discovery procedures were "logistically challenging and highly burdensome"); *Trump*, 2020 WL 748874, at \*3 (granting stay where court recognized the "volume of documents and communications that may be involved from a multitude of sources," and finding that "the complexity and potential sensitivity of the discovery requests" warranted a stay); *Daily Gazette Co.*, 2007 WL 7575700, at \*2 (staying discovery where "voluminous pre-filing factual development" indicated that "significant time and expense" would be devoted to the discovery process); *Citynet, LLC v. Frontier West Virginia Inc.*, 2016 WL 6133844, at \*1 (S.D.W. Va. Oct. 19, 2016) (staying discovery where complaint involved "technical elements of broadband infrastructure and complex and interconnected contracts between private and public entities" and discovery was likely to be "costly and burdensome").

The discovery burden on Defendants here would be particularly acute. Defendants would face the monumental task of identifying, reviewing, and producing documents spanning thousands of individual transactions, IDR submissions, and provider communications—all of which would

10

be potentially irrelevant if the Court grants the motions to dismiss on purely legal grounds. Requiring Defendants to undertake this burden now, before the Court resolves threshold legal questions would be manifestly inefficient and unfair.

### F.  Additional Considerations Support Granting a Stay

Finally, the seventh "catch-all factor" under which the court may consider "special considerations," weighs in favor of a stay. *Oakley*, 2021 WL 3520539, at *3.

One relevant consideration is whether a stay will "duplicate[] costs" by requiring counsel to "reacquaint themselves with the case once the stay is lifted." *Wymes*, 2012 WL 1819836, at *6. Here, however, that is not the case for two reasons. First, Anthem has filed near-identical lawsuits across the country through the same counsel. *See, e.g.*, *Community Ins. Co. v. HaloMD, LLC*, No. 1:25-cv-00388 (S.D. Ohio June 10, 2025); *Anthem Blue Cross Life and Health Ins. Co. v. HaloMD LLC*, No. 8:25-cv-01467 (C.D. Cal. July 7, 2025); *Anthem Blue Cross Life and Health Ins. Co. v. Prime Healthcare Services St. Francis, LLC*, No. 8:26-cv-00023 (C.D. Cal. Jan. 5, 2026). There is no risk that counsel will need to "reacquaint themselves" following a stay in light of these other ongoing litigations. *Wymes*, 2012 WL 1819836, at *6. Second, any discovery stay would be minimal and immediately lifted upon resolution of the motions to dismiss. *See id.*

Additionally, discovery complications will be compounded by the intricacies of navigating sensitivities surrounding PHI (protected health information) issues. Discovery would require the establishment of PHI protocols, HIPAA-compliant production procedures, and coordination with the providers who are the custodians of the underlying medical information (and, in some instances, potentially the patients themselves). These added components make any discovery—which will already be burdensome by virtue of the sheer number of IDR awards being challenged—even more complex.

11

Moreover, federal courts have recognized that a discovery stay is especially warranted for actions like this one subject to Rule 9(b), because the very purpose of Rule 9(b)'s heightened pleading standard is to ensure that plaintiffs conduct their investigation before filing suit, rather than filing a shotgun pleading and filling in the holes through discovery. As the Fourth Circuit has explained, allowing a plaintiff's claim to proceed to discovery when it "would have to rest primarily on facts learned through the costly process of discovery . . . is precisely what Rule 9(b) seeks to prevent." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 380 (4th Cir. 2008). Indeed, "[t]he clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999). At this stage, "[a]dditional discovery [] should not be necessary to rectify the vagueness inherent in [the plaintiff's] pleading" or to "elucidate the exact parameters of the [alleged] fraudulent scheme." *Wang Lab'ys, Inc. v. Burts*, 612 F. Supp. 441, 445 (D. Md. 1984) (staying discovery where plaintiff's brought RICO claims against numerous defendants but failed to allege the relationship between individual defendants and the purported fraudulent scheme). For this reason, courts have routinely stayed discovery at the Rule 12(b)(6) stage in accordance with "the policies underlying the particularity requirements of [Rule] 9(b)." *U.S. ex rel. Schutte v. Supervalu, Inc.*, 2016 WL 3906570, at *1 (C.D. Ill. July 14, 2016) (explaining that the purpose of 9(b) "would be frustrated by allowing a [plaintiff] to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case.").

**G.  Although Unanimity is Not Required, All Seven Factors on Balance Warrant a Stay.**

In the end, all seven factors weigh in favor of a temporary discovery stay pending resolution of Defendants' motions to dismiss. Given that the "current stage of litigation is still fairly early," a "brief stay of discovery will [not] prevent a speedy determination of this action."

12

*Rowe*, 2015 WL 1781559, at \*2.  To the contrary, a discovery stay will "preserve[] judicial economy by avoiding the fruitless expenditure of resources devoted to a time-consuming and expensive discovery process."  *Napolitano*, 2019 WL 6173530, at \*5.  Anthem will suffer no prejudice from a stay—particularly one that conserves both parties' and the Court's resources while threshold jurisdictional questions are resolved. *See Trump*, 2020 WL 748874, at \*4 (finding that the plaintiff "will not be prejudiced by a stay of discovery pending the resolution of the defendant's motion to dismiss" because the court has "the authority to amend the Scheduling Order following a stay to ensure that the parties still have adequate time for discovery").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery pending the Court's resolution of all motions to dismiss filed in this case.

13

Dated: April 10, 2026

By: */s/ John S. Buford*

John S. Buford (VSB No. 89041)
HANCOCK, DANIEL & JOHNSON, LLC
4701 Cox Rd., Suite 400 Glen Allen, VA
23060 Tel: 804-967-9604
Fax: 804-967-9888
jbuford@hancockdaniel.com

Phillip Rakhunov (admitted *pro hac vice*)
Susan R. Cooke (admitted *pro hac vice*)
Barry S. Pollack (admitted *pro hac vice*)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
Telephone: (617) 439-9800
prakhunov@psdfirm.com
scooke@psdfirm.com
bpollack@psdfirm.com

*Counsel for Defendants The Schumacher
Group of Louisiana, Inc. d/b/a SCP Health;
The Schumacher Group of Virginia, Inc.;
Ingleside Emergency Group, LLC;
Kingsford Emergency Group, LLC; Lake
Spring Emergency Group, LLC; Western
Virginia Regional Emergency Physicians,
LLC; and Wildwood Emergency Group,
LLC*

By: */s/ B. Kurt Copper*

William G. Laxton Jr.
VA Bar No. 75110
Jessica M. Sarkis (admitted *pro hac vice*)
DC Bar No. 9022648
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel: + 1.202.879.3939
Fax: + 1.202.626.1700
[wglaxton@jonesday.com]
[jsarkis@jonesday.com]

B. Kurt Copper (admitted *pro hac vice*)
TX Bar No. 24117918
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Tel: + 1.214.969.5163
Fax: + 1.214.969.5100
[bkcopper@jonesday.com]

Heather M. O'Shea (admitted *pro hac vice*)
Illinois Bar No. 6287953
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: + 1.312.269.4009
Fax: + 1.312.782.8585
[hoshea@jonesday.com]

*Attorneys for AGS Health, LLC*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2026, a true and accurate copy of the foregoing was filed through the Court's CM/ECF system and will be sent electronically to the registered participants.

*/s/ B. Kurt Copper*
B. Kurt Copper

15