IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD and HEALTHKEEPERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGS HEALTH, INC., THE SCHUMACHER GROUP OF LOUISIANA, INC. D/B/A SCP HEALTH, THE SCHUMACHER GROUP OF VIRGINIA, INC.; INGLESIDE EMERGENCY GROUP, LLC, KINGSFORD EMERGENCY GROUP, LLC, LAKE SPRING EMERGENCY GROUP, LLC, WESTERN VIRGINIA REGIONAL EMERGENCY PHYSICIANS, LLC, and WILDWOOD EMERGENCY GROUP, LLC, <br><br> Defendants. | 7:25-cv-00804-RSB-JCH |

## JOINT PROPOSED DISCOVERY PLAN AND RULE 26(f) REPORT

Plaintiffs, Anthem Health Plans of Virginia Inc. and Healthkeepers, Inc. (collectively, "Plaintiffs"), and Defendants AGS Health, Inc.; the Schumacher Group of Louisiana, Inc.; The Schumacher Group of Virginia, Inc.; Ingleside Emergency Group, LLC; Kingsford Emergency Group, LLC; Lake Spring Emergency Group, LLC; Western Virginia Regional Emergency Physicians, LLC; and Wildwood Emergency Group, LLC (collectively, "Defendants"), by and through their counsel, hereby respectfully submit this Joint Proposed Discovery Plan and Rule 26(f) Report.

### I.     Conference of Parties

The Parties, by and through their undersigned counsel, met and conferred on April 17,

2026 to consider the nature and basis of the claims and defenses; the possibility of promptly settling or resolving the case; trial before a Magistrate Judge; to arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); and to develop this proposed joint discovery plan.

## II.    Initial Disclosures

The Parties agree that they shall exchange initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1), on or before May 29, 2026.

## III.    Settlement

The Parties have conferred regarding the possibility of settlement.  The Parties do not believe settlement discussions would be helpful or appropriate at this point.  The Parties reserve their rights to seek a settlement conference before a mediator, or other third party neutral, at a later date.

## IV.    Magistrate Judge

The Parties do not consent to a trial before a United States Magistrate Judge.

## V.    Fact Discovery Deadline

Plaintiffs' Proposal: Plaintiffs propose that all fact discovery shall be completed no later than November 20, 2026, and, absent good cause shown, all written discovery shall be served 45 days before the deadline, or by October 6, 2026.

Defendants' Proposal: Defendants propose that all fact discovery shall be completed no later than June 30, 2027, and, absent good cause shown, all written discovery shall be served 45 days before the deadline, or by May 16, 2027.

### VI.    Depositions

The Parties agree to comply with the limitations on depositions contained in Federal Rule of Civil Procedure 30.  Unless otherwise agreed in writing at a later time or ordered by the Court, the Parties agree that no Party will seek to take more than 10 witness depositions, which includes third-party depositions, and depositions will be limited to one day of seven hours on the record.

### VII.    Interrogatories

The Parties agree that the exchange of interrogatories and responses shall be conducted pursuant to Federal Rule of Civil Procedure 33.

### VIII.    Requests for Production of Documents

The Parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Federal Rule of Civil Procedure 34.

### IX.    Requests for Admissions

The Parties agree that the exchange of written requests for admission shall be conducted pursuant to Federal Rule of Civil Procedure 36.

### X.    Expert Witnesses

Plaintiffs' Proposal: Plaintiffs propose that the disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be due on February 19, 2027.  Any Rebuttal Report(s) shall be due on March 19, 2027.  Expert discovery shall be completed by May 4, 2027.

Defendants' Proposal: The party with the burden of proof on a particular claim's expert report(s), as required by Federal Rule of Civil Procedure 26(a)(2), shall be due on July 19, 2027. The responding party's expert report(s) shall be due on September 17, 2027.  Any Rebuttal Report(s) shall be due on October 18, 2027.  All depositions of expert witnesses shall be completed by December 3, 2027.

### XI.    Dispositive Motions

Plaintiffs' Proposal: Plaintiffs propose that dispositive motions shall be filed by July 1, 2027, responses by August 6, 2027, and replies by August 20, 2027.  The Parties reserve the right to request a hearing on any dispositive motions.

Defendants' Proposal: Defendants propose that dispositive motions shall be filed by January 14, 2028, responses by February 20, 2028, and replies by March 6, 2028.  The Parties reserve the right to request a hearing on any dispositive motions.

### XII.    Trial

Plaintiffs' Proposal: Plaintiffs respectfully request a three-week trial before the Honorable Robert S. Ballou in October-November 2027.  Plaintiffs understand that the Court has requested that the parties propose trial dates between January and March 2027.  While Plaintiffs agree that some additional time is warranted, Plaintiffs do not agree that discovery is as complex or lengthy as Defendants suggest to warrant a trial date in 2028.

Defendants' Proposal: Defendants respectfully request a four-week trial before the Honorable Robert S. Ballou beginning April 3, 2028.  Plaintiffs assert ten causes of action against eight Defendants and allege that Defendants initiated more than 16,000 allegedly ineligible IDR disputes.  The scope and complexity of these allegations, which include claims under RICO, ERISA, and multiple state-law theories of fraud and conspiracy, warrant a four-week trial and a commensurate discovery period to allow Defendants to adequately prepare their defense.

### XIII.    Initial Pretrial Disclosures

The Parties agree that initial pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) shall be served no later than 60 days before trial is scheduled to commence.

## XIV.    Motions in Limine

All motions in limine shall be filed no later than 45 days before trial is scheduled to commence.  Responses shall be due 14 days after filing.

## XV.    Pretrial Conference

The Parties respectfully request that the Court schedule a pretrial conference on or about 15 days before trial is scheduled to commence.

## XVI.    Subpoenas

Plaintiffs' Proposal: The Parties reserve their rights to conduct additional discovery through subpoenas, pursuant to Federal Rule of Civil Procedure 45, as is indicated by each Party's investigation of, discovery in, and litigation of this case.  Any subpoenas must be served no later than 30 days prior to the close of Fact Discovery (currently set to close on November 20, 2026), to allow sufficient time for discovery and/or motion practice.

Defendants' Proposal: The Parties reserve their rights to conduct additional discovery through subpoenas, pursuant to Federal Rule of Civil Procedure 45, as is indicated by each Party's investigation of, discovery in, and litigation of this case.  Any subpoenas must be served no later than 30 days prior to the close of Fact Discovery (currently set to close on June 30, 2027), to allow sufficient time for discovery and/or motion practice.

## XVII.    Serving and Filing Pleadings, Motions, and Other Papers

Service and filing of pleadings in this case shall adhere to the United States District Court for the Western District of Virginia Electronic Case Filing policies and procedures.  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the Parties agree that service of notices of deposition, discovery requests, written responses to discovery, and other discovery notices and other papers not required to be filed with the Clerk of Court will be accepted by electronic means.  Service is deemed complete on a particular day if electronically transmitted to counsel of record.

Discovery requests served pursuant to Federal Rules of Civil Procedure 33, 34, or 36 shall also be served in an editable format readable in Microsoft Word. Any attachments to discovery, deposition notices, or other discovery notices not filed with the Clerk of Court shall be e-mailed simultaneously. If the attachments are too voluminous to send by email, they shall be sent by messenger or overnight delivery on the same day as the e-mail transmission, or by secure file sharing or transfer service. If attachments to discovery, deposition notices, or other discovery notices not filed with the Clerk of Court are served more than 24 hours after the initial electronic submission, the submission will be deemed served as of the date the attachments are sent or made available for downloading using a secure electronic file transfer service.

### XVIII. Disclosure or Discovery of Electronically Stored Information

The Parties have advised their clients concerning the preservation of electronically stored information ("ESI"). The Parties intend to discuss their preferred ESI production specifications. The Parties also agree to work together to agree on search terms, custodians, and a manner of production for ESI, and will meet and confer on these issues and work to resolve material objections or disagreements (if any). The Parties expect to file the appropriate motion with the Court for approval of the same.

### XIX. Claims of Privilege or Protection of Trial Preparation Materials; Privilege Logs; Protective Order

The Parties intend to discuss their preferred procedures for: (1) claiming privilege and attorney work product, and for challenging those claims; (2) privilege logs; and (3) protecting any confidential, personal, or proprietary information that may be exchanged during the course of discovery. The Parties agree to work together to draft and submit a HIPAA-Qualified Protective Order for the Court's approval.

## XX.    <u>Discovery Stay</u>

The Defendants agree to this Joint Proposed Discovery Plan subject to, and without waiver of, the Court's ruling on Defendants' Motion to Stay Discovery.  Defendants take the position that discovery should be stayed pending the Court's ruling on Defendants' Motions to Dismiss.  In the event the Court grants the Motion to Stay, the deadlines set forth herein shall be tolled until such time as the Court lifts the stay. Plaintiffs object to any stay of discovery for the reasons set forth in their forthcoming Opposition.

CONSIDERING the above, the Parties, by and through undersigned counsel, hereby request that the Court approve of and adopt this Discovery Plan.

Respectfully submitted, this 20th of April 2026.

/s/ *Jed Wulfekotte*
Jed Wulfekotte
VA Bar No. 73538
**Crowell & Moring LLP**
1001 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 624-2693
Fax: (202) 628-5116
jwulfekotte@crowell.com

Martin J. Bishop *(pro hac vice* forthcoming)
Illinois Bar No. 6269425
Alexandra M. Lucas (*pro hac vice* forthcoming)
Illinois Bar No. 6313385
Jason T. Mayer (Admitted *pro hac vice*)
Illinois Bar No. 6309633
**Crowell & Moring LLP**
300 N. LaSalle Drive
Suite 2500
Chicago, IL 60654
Tel: (312) 321-4200
mbishop@crowell.com
alucas@crowell.com
jmayer@crowell.com

*Attorneys for Plaintiffs Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield and Healthkeepers, Inc.*

- 8 -

Dated: April 20, 2026

By: */s/ Phillip Rakhunov*

    John S. Buford (VSB No. 89041)
HANCOCK, DANIEL & JOHNSON, LLC
4701 Cox Rd., Suite 400 Glen Allen, VA
23060 Tel: 804-967-9604
Fax: 804-967-9888
jbuford@hancockdaniel.com

Phillip Rakhunov (admitted *pro hac vice*)
Susan R. Cooke (admitted *pro hac vice*)
Barry S. Pollack (admitted *pro hac vice*)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 830
Boston, MA 02116
Telephone: (617) 439-9800
prakhunov@psdfirm.com
scooke@psdfirm.com
bpollack@psdfirm.com

*Counsel for Defendants The Schumacher
Group of Louisiana, Inc.; The Schumacher
Group of Virginia, Inc.; Ingleside
Emergency Group, LLC; Kingsford
Emergency Group, LLC; Lake Spring
Emergency Group, LLC; Western Virginia
Regional Emergency Physicians, LLC; and
Wildwood Emergency Group, LLC*

By: */s/ B. Kurt Copper*

    William G. Laxton Jr.
VA Bar No. 75110
Jessica M. Sarkis (admitted *pro hac vice*)
DC Bar No. 9022648
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel: + 1.202.879.3939
Fax: + 1.202.626.1700
[wglaxton@jonesday.com]
[jsarkis@jonesday.com]

B. Kurt Copper (admitted *pro hac vice*)
TX Bar No. 24117918
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Tel: + 1.214.969.5163
Fax: + 1.214.969.5100
[bkcopper@jonesday.com]

Heather M. O'Shea (admitted *pro hac vice*)
Illinois Bar No. 6287953
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: + 1.312.269.4009
Fax: + 1.312.782.8585
[hoshea@jonesday.com]

*Attorneys for AGS Health, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I filed a copy of the foregoing document with the Court's e-filing system, which will send an electronic notification of the filing to all counsel of record.

/s/ *Jed Wulfekotte*
Jed Wulfekotte